ERBACHER and another, Respondents, vs. SEEFELD, Appellant.

*January 29 — February 18, 1896.*

*Written contract: Parol evidence: Acceptance by party not signing; Real estate brokers.*

1. Where by the terms of a written agreement real estate brokers, in consideration of extra time given the purchaser on his first payment, were to take their commission on a sale on a certain day, which was the day on which a large payment was to be made, parol evidence was not admissible to show that they were to wait until such payment was actually made.

2. A written agreement by real estate brokers to wait until a future day for their commission on a sale becomes binding on the vendor by his acceptance thereof, although he does not sign it.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge.   *Affirmed.*

For the appellant there was a brief by *Markham & Nickerson,* and oral argument by *H. W. Nickerson.*

For the respondents there was a brief by *Williams & May,* and oral argument by *A. B. May.*

CASSODAY, C. J.   This action is brought by the plaintiffs, as partners, for services rendered by them, as such, to the defendant, in procuring a purchaser for the real estate described, and then owned by the defendant.   The complaint alleges the employment and agreement to pay $800, being two per cent. commission upon the selling price of the land, which was $40,000, and the performance of the contract on the part of the plaintiffs.   The answer admits the original employment, but alleges nonperformance on the part of the plaintiffs.   At the close of the trial the court directed a verdict in favor of the plaintiffs for $800, with interest from March 1, 1893.

It appears from the undisputed evidence that on or prior to December 17, 1892, the plaintiffs procured one Winkler

to purchase the land described on terms satisfactory to the defendant on that day; that Winkler paid the defendant on that day $100, for which the defendant gave him a re- ceipt reciting the terms of payment; that on January 30, 1893, Winkler and the defendant again met, by an arrange- ment with the plaintiffs, and entered into articles of agree- ment for the sale by the defendant to Winkler of the land in question, pursuant to the receipt, but the times fixed therein for making some of the payments were somewhat different; that in each $1,000 was to be paid down, and $5,000 March 1, 1893; that neither mentioned the plaintiffs, nor referred to their commissions nor any agreement be- tween the defendant and the plaintiffs; that, at the time and place of executing the articles of agreement, the de- fendant exacted of the plaintiffs an agreement in writing, and thereupon dictated to the scrivener a written agree- ment, signed by one of the plaintiffs, to the effect that, in consideration of the extra time given on the first payment, the plaintiffs would take their commissions, amounting to $800, on account of such sale to Winkler, on March 1, 1893; that that was the only written agreement between the plaintiffs and the defendant respecting commissions.

There is no dispute as to the amount of the commissions to be paid. Of course, in the absence of any agreement as to the time of payment, they would have been due im- mediately upon securing a purchaser; hence, the defendant exacted the written agreement mentioned. The only de- fense attempted to be proved was to the effect that the plaintiffs were not only to wait for payment until the day when, by the terms of the articles of agreement, the $5,000 payment was to become due, but until it should in fact be actually paid, and that the scrivener failed to write the agreement respecting commissions as the defendant dictated the same. The testimony offered to prove such defense, or some of it, was, as we think, properly excluded, as tending

to contradict the written agreement so made. It was unnecessary that it should be signed by the defendant to be binding upon him. He accepted it, and that was enough to make it binding.

It follows that the verdict was properly directed in favor of the plaintiffs.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.